Castellanos-Ventura v. Garland

BIA
McFarland, IJ
A206 488 725

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of July, two thousand twenty-four.

PRESENT:
JON O. NEWMAN,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges.*

_____

BESSY ORBELINA CASTELLANOS-VENTURA,
*Petitioner,*

v.                                                          **21-6293**
                                                            **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:**      H. Esteban Figueroa-Brusi, Esq., New York, NY.

**FOR RESPONDENT:**      Brian Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Jeffrey M. Hartman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Bessy Orbelina Castellanos-Ventura, a native and citizen of Honduras, seeks review of an April 19, 2021 decision of the BIA affirming a February 26, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bessy Orbelina Castellanos-Ventura*, No. A206 488 725 (B.I.A. Apr. 19, 2021), *aff'g* No. A206 488 725 (Immig. Ct. N.Y. City Feb. 26, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we review the IJ's decision as modified by the BIA and do not address the findings the BIA declined to reach or found abandoned. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review

2

factual findings for substantial evidence and questions of law and the application of law to fact *de novo*. *See Ojo v. Garland*, 25 F.4th 152, 159 (2d Cir. 2022). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see also* 8 C.F.R. §§ 1208.13(a), 1208.16(b). To constitute persecution, the harm must be inflicted by either the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). The agency assumed, without deciding, that Castellanos-Ventura suffered harm rising to the level of persecution on account of her membership in a cognizable social group of Honduran women. But it denied relief because it found that Castellanos-Ventura failed to show that the Honduran government was "unable or unwilling to control" her persecutors. Accordingly, we address only the agency's "unable or unwilling to control" finding. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 117 (2d Cir. 2007), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023)

3

(quotation marks, citation, and brackets omitted) ("[A] denial of immigration relief stands or falls on the reasons given by the IJ or BIA because it would usurp the role of the agency for a reviewing court to assume a hypothetical basis for the IJ's determination, even one based in the record.").)

"Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted). "[F]ailure to report harm is not necessarily fatal to a claim of persecution if the applicant can demonstrate that reporting private abuse to government authorities would have been futile or dangerous." *Matter of C-G-T-*, 28 I. & N. Dec. 740, 743 (B.I.A. 2023) (quotation marks omitted); *cf. Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) ("[F]ailure to ask for police help is not enough, by itself, to preclude a finding of acquiescence.").

In deciding that Castellanos-Ventura failed to show that Honduran officials were unable or unwilling to protect her from her abusive family and a criminal who attacked her repeatedly, the agency relied in part on the fact that she had not

4

sought police protection even though her mother had successfully obtained a restraining order against an abuser. While the agency reasonably relied only in part on her failure to report, *see Matter of C-G-T-*, 28 I. & N. Dec. at 743; *see also Quintanilla-Mejia*, 3 F.4th at 593, it failed to consider whether it would have been "futile or dangerous for an abused child," as Castellanos-Ventura was at the time of much of her abuse, "to seek protection from the authorities," *Matter of C-G-T-*, 28 I. & N. Dec. at 743. As the BIA has recognized, "[w]hen a child is being abused by a parent or relative, the child may be prevented by their abuser from contacting the authorities, or any attempt to report the harm might worsen the child's circumstances." *Id.*; *see also Portillo Flores v. Garland*, 3 F.4th 615, 635–36 (4th Cir. 2021) (directing the agency to "engage in a child-sensitive evaluation of whether [Petitioner] was justified in not seeking police protection" (quotation marks omitted)).

In addition to Castellanos-Ventura's failure to report the abuse and violence she suffered, the agency also discussed one page of the State Department's 2017 Human Rights Report addressing rape and domestic violence against women. The agency drew from the report that the Honduran government was making efforts to protect women from violence given evidence that the state prosecutes

rapists and those who commit domestic violence, courts enforce penalties for rape and domestic violence, the state penalizes those who violate restraining orders, and the state has reporting centers for abused women in two cities. The agency erred, however, by relying only on this one source without acknowledging or evaluating conflicting evidence. *See Scarlett v. Barr*, 957 F.3d 316, 330 (2d Cir. 2020) (finding error in the agency's failure to mention evidence that "authorities, however willing, were nevertheless unable to protect Scarlett from gang violence"); *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (requiring "a certain minimum level of analysis . . . if judicial review is to be meaningful"); *Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004) (finding error when the agency relies excessively on State Department reports without considering "any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence").

Further, much of Castellanos-Ventura's claim was based on harm she suffered between ages 7 and 17 at the hands of family members, but the agency failed to mention or evaluate any evidence related to the state's ability to protect children who are subject to intrafamilial violence and abuse. That evidence

6

includes a report of the Immigration and Refugee Board of Canada that found that police complaint mechanisms are not effective and that penalties for intrafamily violence are very low, *see, e.g.*, *Regmi v. Barr*, 832 F. App'x 744, 747 (2d Cir. 2020) (concluding that the IJ reasonably relied on a report of the Immigration and Refugee Board of Canada); *accord Singh*, 11 F.4th at 111, 117, and the State Department's acknowledgement that, of the hundreds of homicides of children that occurred in the first half of 2017, eighty percent went unsolved. Similarly, insofar as Castellanos-Ventura was repeatedly attacked, raped, and threatened by a criminal, the agency did not evaluate the following evidence that criminals commit violence against women with impunity in Honduras: The Immigration and Refugee Board of Canada reported that some Honduran officials tell women not to file complaints because it would put them in more danger; a Latin American Research Review article concluded that reporting violence appeared to be useless for women given the lack of protection such reporting guaranteed, high impunity for criminals, and collaboration between government officials and criminals; Amnesty International reported that impunity is high in cases of violence against women because officials do not have the capacity or resources to investigate, prosecute, or punish criminals; Human Rights Watch reported that the police and

judiciary are mostly ineffective; and a Latin America Working Group report concluded that the vast majority of femicide cases are not investigated or prosecuted.

Although the agency acknowledged that violence against women is a problem in Honduras, its failure to acknowledge or discuss the evidence of the difficulties children and women face in reporting violence or the ineffectiveness of the government's response to such reports requires remand. *See Scarlett*, 957 F.3d at 330; *Poradisova*, 420 F.3d at 77; *Tian-Yong Chen*, 359 F.3d at 130. The agency's failure to consider relevant evidence also infects its denial of CAT relief because the agency relied entirely on the "unable or unwilling to control" finding to conclude that Castellanos-Ventura failed to establish the government acquiescence required for CAT relief. *See* 8 C.F.R. § 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

For the foregoing reasons, the petition for review is GRANTED, and the case is remanded to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court